J-S10007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| JOSEPH GERALD HENSLEY | : | |
| Appellant | : | No. 687 WDA 2023 |

Appeal from the PCRA Order Entered May 4, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000528-2015

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:          **FILED: April 9, 2024**

Appellant, Joseph Gerald Hensley, appeals from the order entered on May 4, 2023, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On June 16, 2016, Appellant pled guilty to aggravated indecent assault – complainant less than 16 years old, 18 Pa.C.S.A. § 3125(a)(8). On October 7, 2016, the trial court sentenced Appellant to 36 to 108 months of incarceration. On October 11, 2016, Appellant filed a post-sentence motion for reconsideration, which the trial court denied on December 9, 2016. Appellant did not file a direct appeal.

On February 8, 2017, Appellant filed a *pro se* PCRA petition and the PCRA court appointed counsel who represented Appellant at an evidentiary hearing. On June 22, 2018, the PCRA court entered an order dismissing

Appellant's first PCRA petition. On July 31, 2018, the PCRA court entered an order granting PCRA counsel's request to withdraw from representation. Appellant did not appeal the PCRA court's dismissal of his first petition.

On June 18, 2021, Appellant filed a second, *pro se* PCRA petition. On July 16, 2021, the PCRA court appointed PCRA counsel. On December 15, 2021, the PCRA court granted PCRA counsel's request to withdraw and appointed new PCRA counsel. On April 20, 2022, PCRA counsel filed a motion to withdraw as counsel. On April 25, 2022, the PCRA court filed a notice and accompanying memorandum pursuant to Pa.R.Crim.P. 907,[1] explaining its intent to dismiss the PCRA petition at issue without an evidentiary hearing. Within its Rule 907 declaration, the PCRA court also granted PCRA counsel's motion to withdraw. The PCRA court, however, did not enter an order dismissing Appellant's second PCRA petition for over a year, or until May 4,

_____

[1] Rule 907, provides, in pertinent part:

[T]he judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant **may** respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added).

2023, and only after Appellant filed, on April 24, 2023, *pro se* objections to the PCRA court's notice of intent to dismiss. In its May 4, 2023 dismissal order, the PCRA court noted that Appellant's objections were untimely. This appeal resulted.[2]

_____

[2] Appellant filed a *pro se* notice of appeal on June 7, 2023. Upon review of the record, however, there is no docket notation that the order entered on May 4, 2023 was served on Appellant. **See** Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice"); Pa.R.Crim.P. 907(4) (providing that when PCRA petition is dismissed without hearing, the judge shall issue an order to that effect, and, in addition to advising defendant via **certified mail** of his right to appeal, "[t]he order shall be filed and served as provided in Rule 114") (emphasis added); **see also Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002) (noting that Rule 114's language leaves no question that the trial court clerk's obligations regarding docket entries are not discretionary).

Although Appellant's *pro se* notice of appeal was facially untimely, we decline to quash this appeal. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely."); Moreover, Appellant is incarcerated and his *pro se* notice of appeal was dated June 1, 2023, or within the 30-day appeal period from the May 4, 2023 dismissal order. **See** Pa.R.A.P. 903 ("General[ly,] notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken."); **see also** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining prison mailbox rule). As such, we treat the instant appeal as timely filed.

By order dated August 4, 2023, this Court directed the PCRA court to clarify whether Appellant remained represented by counsel, and if not, whether Appellant was entitled to the appointment of counsel. On September 28, 2023, following an evidentiary hearing, the PCRA court appointed collateral
*(Footnote Continued Next Page)*

PCRA counsel for Appellant presents the following issue for our review:

A. Whether the [PCRA] court erred in dismissing Appellant's PCRA [petition without] a hearing, after it deemed the filing of [] Appellant's objections to [the] notice of intent to dismiss [the] PCRA petition [at issue] as untimely when no order was ever issued dismissing the PCRA petition until after [] Appellant filed his objections?

Appellant's Brief at 2 (superfluous capitalization omitted).

Here, Appellant claims that the PCRA court "erred in dismissing [his instant] PCRA petition due to what [it] considered to be the 'untimely' filing of his [o]bjections" to the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant acknowledges that the PCRA court gave notice of his right to respond within 20 days as provided under Rule 907. *Id.* at 9. However, Appellant argues that the PCRA court failed to use the term "shall" to indicate that Appellant's response "had to be filed within the prescribed period of time." *Id.* at 9-10. Appellant maintains that he "exercised his option to file his objections, admittedly one day short of a year from the filing of the [PCRA c]ourt's notice[, but] before the [PCRA] court issued an order dismissing his PCRA petition." *Id.* at 10 (superfluous capitalization omitted). Appellant asserts that once he filed objections to the PCRA court's notice of intent to dismiss under Rule 907, it "should have prompted the [PCRA c]ourt to order a hearing to allow [] Appellant to be heard[.]" *Id.*

_____

appeal counsel to represent Appellant on appeal. Counsel subsequently filed an appellate brief on Appellant's behalf with this Court.

"[T]his Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted). Initially, we note that, as set forth above, the plain language of Rule 907 specifically states that "[t]he defendant **may** respond to the proposed dismissal within 20 days of the date of the notice." Pa.R.Crim.P. 907. There is simply no requirement that a Rule 907 notice contain the term "shall." Instead, the discretionary rule provides that a defendant "may" respond to Rule 907 notice. In this case, the PCRA court used the precise language proscribed by the rule. Moreover, this Court has previously determined that even the complete "failure to issue Rule 907 notice is not reversible error where the record is clear that the [PCRA] petition is untimely." ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016), *citing* ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa. Super. 2013) ("even if the issue [of the absence of Rule 907 notice] is raised, where the petition is untimely, it does not automatically warrant reversal[]"). Finally, we note that the PCRA court did not dismiss Appellant's instant PCRA petition until after it received Appellant's response to the PCRA court's Rule 907 notice, and, thus, we presume the PCRA court considered it.

Furthermore, as we have stated:

[T]he timeliness of a PCRA petition is also a jurisdictional requisite. A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review,

- 5 -

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petitioner must present his claimed exception within [one year] of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within [one year] of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.

*Zeigler*, 148 A.3d at 853 (internal quotations and case citations omitted).

Here, the trial court sentenced Appellant on October 7, 2016. Appellant filed a timely post-sentence motion for reconsideration. The trial court denied relief on December 9, 2016. Appellant did not pursue a direct appeal. Accordingly, Appellant's judgment of sentence became final 30 days after the

denial of post-sentence relief, or on Monday, January 9, 2017, when the time for seeking an appeal expired. *See* Pa.R.Crim.P. 720(A)(2) ("If the defendant filed a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order deciding the motion[.]"); *see also* Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days); *see also* 1 Pa.C.S.A. § 1908 (stating that when the last day of the appeal period falls on Sunday, that day shall be omitted from the computation of time). Appellant thus had one year from January 9, 2017 to file a timely petition for collateral relief. As such, the PCRA petition at issue, filed on June 18, 2021, is patently untimely.

In his PCRA petition, Appellant alleged that his constitutional rights were violated and that his predicated claims were unknown and could not be ascertained by the exercise of due diligence pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii). *See* PCRA Court Opinion, 4/25/2022, at *4 (unpaginated). More specifically, Appellant claimed that his mental health conditions required a competency or capacity hearing prior to the trial court's acceptance of his guilty plea. *See id.* ("[Appellant] claims that trial counsel failed to properly support evidence of his mental health conditions with documentation and that no competency and capacity hearing had taken place though one was required.") ("The alleged new facts concern [Appellant's] mental health diagnoses[.]"). Accordingly, Appellant averred that his constitutional rights were violated and the facts underlying his claim were unknown to him and could not have been ascertained with due diligence. *Id.*

- 7 -

Regarding the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), our Supreme Court has explained:

First, [the exception] provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania,] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense.

These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (citation omitted; brackets supplied). Here, Appellant failed to plead and prove that a new constitutional right, recognized by either the United States Supreme Court or the Pennsylvania Supreme Court within the calendar year before Appellant filed the instant PCRA petition, retroactively required competency examinations before the entry of a guilty plea under the circumstances presented in this case. Our independent research has not revealed any such decision. Therefore, Appellant cannot invoke the new constitutional right exception set forth under Section 9545(b)(1)(iii).

The exception at Section 9545(b)(1)(ii) requires the petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. "The focus of the exception is on the newly discovered facts, not on a newly discovered

or newly willing source for previously known facts." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (internal citations, quotations, and original brackets omitted). Here, the PCRA court recognized that "[t]he alleged new facts concern [Appellant's] mental health diagnoses, but [Appellant] has acknowledged prior [awareness] of his mental health conditions." ***See*** PCRA Court Opinion, 4/25/2022, at *4 (unpaginated). We agree.[3]

Based upon our standard of review and our review of the record, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition. The PCRA court gave Appellant proper notice of its intent to dismiss his PCRA petition under Rule 907. Moreover, Appellant failed to plead or prove an exception to his patently untimely PCRA petition. Without jurisdiction, the PCRA court properly dismissed Appellant's PCRA petition and, thus, he is not entitled to relief.

Order affirmed.

---

[3] We note that, on appeal, Appellant does not challenge the PCRA's jurisdictional determinations. Instead, as set forth at length above, Appellant confines his appellate argument to the notice he received under Rule 907.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/9/2024